IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-01088-RBJ

PAULA PLANAS,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss [ECF No. 17]. During a July 18, 2014 scheduling conference the Court informed the plaintiff that she could amend her Complaint to cure the defects discussed in the motion to dismiss. The plaintiff filed her Amended Complaint on July 22, 2014 [ECF No. 25]. Because the Complaint does not cure the defects discussed in the original motion to dismiss, the Court grants the motion.

## BACKGROUND

As stated in the Amended Complaint,[1] Ms. Planas worked for Denver Public Schools ("DPS") as a food service worker from August 28, 2012 until November 20, 2013. Amended Complaint [ECF No. 25] at 5. On October 11, 2012 Ms. Planas was promoted from Food Service Worker I to Food Service Worker II. *Id.* During that time she received four

---

[1] At this stage in the litigation, the Court construes as true all factual allegations put forward in the Amended Complaint.

1

unsatisfactory ratings, all of which were related to attendance problems arising out of Ms. Planas' obligation to care for her disabled granddaughter. *Id.*

At some point during her employment with DPS, Ms. Planas suspected that her coworkers were using drugs while on duty. *Id.* She was also concerned that her coworkers were not complying with the dress code, were leaving the premises while on duty, and would leave work early. *Id.* Ms. Planas reported these concerns to her immediate manager, Kathy Knowlton, who did not take any action. *Id.* As a result, Ms. Planas discussed her concerns with Ms. Knowlton's supervisor, Dennis Ralph. *Id.*

On October 22, 2013 Ms. Planas and one of her coworkers, Laura Delgado, got into an argument at work with Ms. Knowlton present. *Id.* According to Ms. Planas, Ms. Delgado directed profanities at her, and when Ms. Planas asked Ms. Knowlton what she was going to do about it, Ms. Knowlton responded that maybe Ms. Planas should call Mr. Ralph "since you call him behind my back." *Id.* at 5–6. Ms. Knowlton then told Ms. Planas, "[Y]ou are just a problem." *Id.* at 6. Ms. Planas was later terminated over allegations that she was threatening Ms. Delgado, allegations she describes as "fabricated lies." *Id.* Ms. Planas argues that her termination was in violation of Title VII because she suffered intimidation, harassment, and retaliatory conduct on the part of her coworkers and supervisor. *See id.* at 2.

Ms. Planas also alleges that she was discriminated against because of her granddaughter's disability. First, she claims that Ms. Knowlton inappropriately discussed her granddaughter's disability with other workers. *Id.* at 6. Second, she alleges that she gave a woman named Susan Abeyta (presumably a DPS employee) a letter from her granddaughter's doctor to include in her file. *Id.* The letter confirmed that her granddaughter was disabled and discussed the potential need for Ms. Planas to take absences in order to care for her. *Id.* According to Ms. Planas, Mr.

Abeyta refused to put the letter in Ms. Planas' file on the grounds that personal information could not be placed in her file. *Id.* Ms. Planas contends that these actions constitute disability discrimination under Title VII.

Ms. Planas ends her Amended Complaint with two allegations. First, she claims "that I was treated different from the other employees; because I had to leave work to attend to my granddaughter's disability and medical needs." *Id.* Second, she asserts "that there does exist blatant favoritism between some of the employees and managers; and when [an] employee who is out of the loop has a legitimate complaint it is ignored, and they are labeled trouble makers and are gotten rid of." *Id.* at 7.

In her original Complaint, Ms. Planas complained that DPS violated Title VII by discriminating against her based on her race and color as well as due to favoritism towards employees. Original Complaint [ECF No. 1] at 2. Although the complaint was much shorter, it effectively made the same allegations regarding Ms. Planas' termination arising from her purported threats to Ms. Delgado. While the original complaint did not discuss Ms. Planas' granddaughter, the documents attached to her Complaint discussed her absences due to her granddaughter's disability.

During the July 18, 2014 scheduling conference the Court discussed the motion to dismiss with Ms. Planas and explained to her that to make out a claim under Title VII she would have to put forward an argument that she was discriminated against in violation of one of the protected categories covered by Title VII. The Court also noted that, at most, there might be a viable Family and Medical Leave Act ("FMLA") claim concerning Ms. Planas' need to take time off for her granddaughter, but that Ms. Planas would have to amend her Complaint to put forward such a claim.

The Court has read the Amended Complaint and finds that the original defects have not been cured. As to the new claim of disability, the Court need not await a second motion to dismiss from DPS in order to find that this claim cannot be alleged as a violation of Title VII. Even under a (very) liberal construction, Ms. Planas has not sufficiently alleged a claim under the FMLA. For the following reasons, her Amended Complaint is dismissed without prejudice.

## ANALYSIS

In reviewing a 12(b)(6) motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the plaintiff's favor. However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are purely conclusory need not be assumed to be true. *Id.* at 681.

Because Ms. Planas represents herself, the Court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court may not become an advocate for a *pro se* litigant, nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Under Title VII, it is considered an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It is also unlawful for an employer to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Ms. Planas has made no claim that she was discriminated against on account of her race, color, religion, sex, or national origin. She also does not allege that she suffered retaliation for making a complaint of discrimination covered by Title VII. As discussed above, her Amended Complaint alleges that she was unfairly terminated due to lies fabricated by Ms. Delgado and, possibly, in retaliation for having gone above the head of Ms. Knowlton to Mr. Ralph when she had concerns that her coworkers were violating company policy. These allegations do not make out a viable claim of discrimination or retaliation under Title VII.

Title VII also does not provide a cause of action for disability discrimination. *See Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 666. Notably, Ms. Planas is not alleging that she was discriminated against because *she* is disabled; thus, even upon a very liberal reading, the Court does not construe her claim as arising under the Americans with Disabilities Act ("ADA"). At most, Ms. Planas is attempting to assert a claim under the FLMA.

Under the FLMA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1). The term "son or daughter" means "a biological, adopted, or foster

child, a stepchild, a legal ward, or a child of a person standing in loco parentis, who is under 18 years of age or 18 years of age or older and incapable of self-care because of a mental or physical disability." 29 U.S.C. § 2611(12).[2] An "eligible employee" is defined as an employee who has been employed "for at least 12 months by the employer with respect to whom leave is requested . . . and for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Even if the Court so liberally construes the Amended Complaint so as to read into it an FMLA claim, the burden is on Ms. Planas to put forward factual allegations that show she was covered by the FMLA. As noted above, the Court may not supply additional factual allegations to round out a plaintiff's complaint. As no factual allegations have been made in support of FMLA coverage, the Court dismisses this claim insofar as it can be read on the face of the Amended Complaint.

## ORDER

For the foregoing reasons, the Defendants' Motion to Dismiss [ECF No. 17] is GRANTED and the Amended Complaint [ECF No. 25] is DISMISSED WITHOUT PREJUDICE.

DATED this 25th day of July, 2014.

BY THE COURT:

*[signature]*

R. Brooke Jackson
United States District Judge

---

[2] Under Department of Labor regulations, "[p]ersons who are 'in loco parentis' include those with day-to-day responsibilities to care for and financially support a child, or, in the case of an employee, who had such responsibility for the employee when the employee was a child. A biological or legal relationship is not necessary." 29 C.F.R. § 825.122(d)(3).